**Antolin SILVA**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services.**

Civ. A. No. 85–7074.

United States District Court,
E.D. Pennsylvania.

March 9, 1987.

Herbert Karasin, Reading, Pa., for plaintiff.

Edward T. Ellis, Asst. U.S. Atty., Phila., Pa., for Bowen.

## MEMORANDUM

NEWCOMER, District Judge.

I have before me in this social security appeal plaintiff's petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, an award of fees is available in such cases to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified." *Id.*

As the Third Circuit Court of Appeals explained in *Washington v. Heckler,* 756 F.2d 959, 961 (3d Cir.1985), the following general standards apply to the district court's determination:

> The position of the United States includes not only its litigation position but also the agency position that made the lawsuit necessary. Substantial justification "constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." The burden of proving substantial justification is on the government. To meet its burden, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal Theory advanced. (Citations omitted.)

In the instant case, the plaintiff was a 49 year old man suffering from complications deriving from his diabetes mellitus. In particular, plaintiff has a condition known as hyperpathia, or peripheral neuropathy, which is defined as "abnormally exaggerated subjective response to painful stimuli. *See* Memorandum and Order of September 25, 1986 at 2. This is a "listed impairment" in Social Security Regulations part 404, Appendix 1, § 9.08A. The fact that plaintiff suffered from this impairment and the

degree to which it impeded his ability to work and perform other tasks was well documented and supported by ample medical evidence.

The government now contends that, despite losing on the merits, the position it took was substantially justified. I disagree. The Administrative Law Judge refused plaintiff's claim only by disregarding evidence and substituting his own medical judgments for that of competent medical witnesses. He also misconstrued the applicable regulations, and showed a complete lack of understanding of the impairment for which plaintiff sought benefits. In my Memorandum and Order of September 25, 1986, awarding benefits, I wrote the following:

"The ALJ's conclusions, to the extent relevant, are unsupported with the facts of the case and under the Social Security regulations." *id.* at 4.

"Despite the ALJ's conclusions, this listed impairment is precisely the impairment upon which the plaintiff bases his claim of diability." *Id.*

"[T]he ALJ does not cite any evidence from the record to support his conclusion that plaintiff does not have a listed impairment. Indeed, the "Evaluation of the Evidence" portion of [the] decision of the ALJ fails even to cite and reject the particular evidence supporting plaintiff's claim. *Id.* at 5.

"Even more egregious is the ALJ's analysis of plaintiff's hyperpathia ... [the ALJ's] interpretation is patently incorrect." *Id.* at 6.

"[G]enerally, the ALJ's conclusion simply substitutes his own judgment for the contrary medical judgments of four ... physicians." *Id.* at 6–7.

Under these circumstances, I don't know how the government's position in litigating this claim could possibly be deemed substantially justified.

Plaintiff's counsel seeks a fee award of $4,746.87, based on 54.25 hours of work and a rate of $87.50 per hour. In light of the quality of services performed, and the amount of services required by this case,

the time claimed is reasonable, but with the following exceptions:

1. Ten hours to review the relatively brief administrative record is excessive; five hours is a more reasonable figure;

2. Twelve hours for research for the brief is excessive. This case was not particularly complex, and did not raise novel isues. In light of counsel's experience with cases of this sort, four hours is more reasonable;

3. Twenty hours to draft, review and rewrite plaintiff's summary judgment brief is excessive. The task could have been comfortably completed with eight hours of work.

I will therefore reduce the compensable hours by 25 to a total of 29.25. That time will be compensated at the maximum statutory rate of $75.00 per hour.

An appropriate order follows.

### ORDER

AND NOW, on this 9th day of March, 1987, it is hereby Ordered that plaintiff's petition for attorney's fees is GRANTED in the sum of $2,193.75. Defendant shall remit this sum to plaintiff's counsel within 15 days of this Order.

AND IT IS SO ORDERED.